UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANTONIO DUDLEY, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 4:14-CV-1592 |
| | § | |
| T.D.C.J. PAROLE DIVISION AGENCY, *et al*, | § | |
| | § | |
| Respondents. | § | |

## OPINION ON DISMISSAL

Petitioner Antonio Dudley, a Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID) inmate, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his commitment by Parole Division officials to the South Texas Intermediate Sanction Facility following a parole violation. (Docket No. 1.) Based on a review of the pleadings and state court records the Court determines that this action must be dismissed for failure to exhaust available state court remedies.

## BACKGROUND

In June 1989, Petitioner was convicted in the 208th District Court of Harris County, Texas, of attempted murder in cause number 0534058 and was sentenced to fifty years imprisonment. (Id.) Petitioner was paroled in November 2012, subject to certain conditions. On April 29, 2014, Petitioner was arrested for allegedly violating his parole conditions. Petitioner was found guilty of the parole violation on May 30, 2014, and sentenced to a term of ninety to 180 days confinement at the Intermediate Sanction Facility (ISF). Petitioner does not indicate that he has challenged his parole revocation in the state courts.

<u>DISCUSSION</u>

Under 28 U.S.C. § 2254, a petitioner "must exhaust all available state remedies before he may obtain federal habeas corpus relief." *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995). The doctrine of exhaustion, codified as amended at 28 U.S.C. § 2254(b)(1) and (c), reflects a policy of federal/state comity.   *Coleman v. Thompson*, 501 U.S. 722 (1991).   Under this framework, exhaustion means that the petitioner must have presented all of his habeas corpus claims fairly to the state's highest court before he may bring them to federal court. *Castille v. Peoples*, 489 U.S. 346 (1989); *Fisher v. State*, 169 F.3d 295, 302 (5th Cir. 1999).  The petitioner must give the highest state court a fair opportunity to rule on the claim, which requires the petitioner to present his claims in accordance with the court's procedural rules.  *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999).   Exceptions exist only where there is an absence of available State corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant.  *See* 28 U.S.C. § 2254 (b)(1)(B).

Claims regarding parole revocation procedures are cognizable under Article 11.07 of the Texas Code of Criminal Procedure.  *Ex parte Evans*, 964 S.W.2d 643, 648 (Tex. Crim. App. 1998) (citing *Bd. of Pardons & Paroles v. Court of Appeals for the Eighth Dist.*, 910 S.W.2d 481, 484 (Tex. Crim. App. 1995)).  As with claims pertaining to a criminal trial, a prisoner must file an application for state habeas corpus relief in the court and county in which he was convicted.  *See id*. citing *Ex parte Woodward*, 619 S.W.2d 179 (Tex. Crim. App. 1981) and *Ex parte Alexander*, 861 S.W.2d 921, 922 (Tex. Crim. App.1993).

Petitioner's pleadings and public records show that Petitioner has not presented his claims to the state courts; therefore, the claims raised in the present petition are unexhausted. Because state process remains available, Petitioner does not satisfy any statutory exception to the

exhaustion doctrine.  Accordingly, this petition must be dismissed under 28 U.S.C. § 2254 for failure to exhaust state habeas corpus remedies.

CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted).  Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001).  On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling."  *Beazley*, 242 F.3d at 263 (quoting *Slack,* 529 U.S. at 484).  A district court may deny a certificate of appealability, sua sponte, without requiring further briefing or argument.  *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).  The Court has determined that petitioner has not made a substantial showing that reasonable jurists would find the Court's procedural ruling debatable.  Therefore, a certificate of appealability from this decision will be DENIED.

CONCLUSION

For these reasons, the Court ORDERS as follows:

1.    Petitioner's Motion to Proceed *In Forma Pauperis* (Docket Nos. 2, 8) is GRANTED.

3 / 4

2.      The petition is DISMISSED WITHOUT PREJUDICE for failure to exhaust state remedies as required by 28 U.S.C. § 2254.

3.      A certificate of appealability is DENIED.

4.      All other pending motions, if any, are DENIED.

The Clerk will provide copies of this Order to the parties.


SIGNED at Houston, Texas, this 6th day of August, 2014.


MELINDA HARMON
UNITED STATES DISTRICT JUDGE